UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY ALLEN COLE,

    Petitioner,

v.    CASE NO. 8:04-CV-0516-T-27MSS

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____/

## ORDER

This matter is before the Court for consideration of Petitioner's Request for Certificate of Appealability Issuance Pursuant to Fed. R. App. P. Rule 22(b) and 28 U.S.C. § 2253(c)(2) (Dkt. 79); Petitioner's Motion for Court's Leave to File Petitioner's Motion for Reconsideration (Dkt. 81), and Petitioner's Affidavit of Indigency in which he seeks leave to proceed on appeal *in forma pauperis* (Dkt. 83). Petitioner's September 1, 2005 Motion for Time Extension (Dkt. 76) of thirty (30) days in which to file a notice of appeal of the January 7, 2005 order dismissing his petition for federal habeas relief was denied on September 13, 2005, based on the Court's finding that Petitioner failed to perfect an appeal by filing the notice required by Fed. R. App. P. 3(a)[1] and 4(a)(1)(A)[2] (Dkt. 77).

**Certificate of Appealability**

To obtain a certificate of appealability where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

---

[1] "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a).

[2] "[T]he notice of appeal required by Rule 3 must be filed with the district court within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A).

*See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). To obtain a certificate of appealability, when the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Petitioner's challenge to his 1996 state conviction was denied as time barred. *See* 28 U.S.C. § 2244(d). Because the petition is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test. 529 U.S. at 484. Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

**Motion for Reconsideration**

Petitioner seeks leave to file a motion for reconsideration of the September 13, 2005 order denying his motion for an extension of time in which to file an application for issuance of a COA and notice of appeal. His motion for reconsideration is incorporated therein. Having considered Petitioner's arguments, the Court finds that Petitioner fails to raise any new factual or legal issues warranting reconsideration of this matter.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Request for Certificate of Appealability Issuance Pursuant to Fed. R. App. P. Rule 22(b) and 28 U.S.C. § 2253(c)(2) (Dkt. 79) is **DENIED**.

2. Petitioner's Motion for Court's Leave to File Petitioner's Motion for Reconsideration (Dkt. 81) is **GRANTED**, in part, and **DENIED**, in part, as set forth below:

      a. Petitioner's request for leave to file the motion for reconsideration incorporated therein is **GRANTED**.

      b. Petitioner's motion for reconsideration is **DENIED**.

    3. Petitioner's request for permission to proceed on appeal *in forma pauperis* (Dkt. 83) is **DENIED**.

    **ORDERED** in Tampa, Florida, on _October 18th_, 2005.

                                                       */s/ Whittemore*
                                                 JAMES D. WHITTEMORE
                                                 UNITED STATES DISTRICT JUDGE

Copy to:  All Parties of Record
SA:jsh